# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARLON J. GREEN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-432** |
| **FREDERICK STEVENSON, ET AL.** | **SECTION "B"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Marlon J. Green, is a federal pretrial detainee currently incarcerated at the Butner Federal Medical Center for psychiatric evaluation and treatment. He filed the instant lawsuit in the United States District Court for the Eastern District of North Carolina; however, it was subsequently transferred to this Court. On April 9, 2012, United States District Judge Mary Ann Vial Lemmon transferred this matter to United States District Judge Ivan L.R. Lemelle and the undersigned United States Magistrate Judge on the basis that it is related to United States v. Marlon Jenerro Green, Criminal Action No. 11-143 "B"(1) (E.D. La.).

In this lawsuit, which has been amended on several occasions, plaintiff names numerous defendants: Frederick Stevenson, Valence Hebert, Ione Rowe, Chris Storey, Faye Maurin, Valerie Jusselin, Dr. Harminder Singh Mallik, Licinda Collins, Jeb Best, Pamela Talley, and the United States of America. Plaintiff alleges that there is a vast conspiracy to deprive him of his rights. His allegations are rambling, and his claims are difficult to decipher. However, it is evident that the true purpose of this lawsuit is to attack collaterally the pending federal prosecution against him in Criminal Action No. 11-143 for transmitting in interstate commerce a threat to kill personnel of the United States Department of Veterans Affairs.

Two motions to dismiss are currently pending before the Court.[1] Plaintiff opposes those motions.[2]

## Motion Filed by the United States of America, Stevenson, Hebert, Maurin, Rowe, Storey, Collins, and Jusselin

The Court will first turn to the motion to dismiss filed by the United States of America, Stevenson, Hebert, Maurin, Rowe, Storey, Collins, and Jusselin.[3]

Defendants argue that plaintiff's claims against the United States of America should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). For the following reasons, it is apparent that plaintiff has not met that burden.

Plaintiff is apparently attempting to bring suit against the United States under the Federal Tort Claims Act ("FTCA"). However, federal law expressly provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

---

[1] Rec. Docs. 37 and 43.

[2] Rec. Docs. 45, 46, and 47.

[3] Rec. Doc. 43.

28 U.S.C. § 2675(a). "The requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA." Gregory v. Mitchell, 634 F.2d 199, 203-04 (5th Cir. 1981). Because it is a jurisdictional prerequisite, it cannot be waived. Id. at 204. In that plaintiff has not filed an administrative claim, this Court lacks jurisdiction over his claims against the United States, and those claims should be dismissed.

As defendants also correctly note in their motion, the claims against Stevenson, Hebert, Maurin, Rowe, Storey, Collins, and Jusselin should likewise be dismissed.

To the extent that plaintiff is attempting to bring official-capacity claims against those defendants, all of whom are federal employees, those claims should be dismissed because they are barred by sovereign immunity. See Gibson v. Federal Bureau of Prisons, 121 Fed. App'x 549, 551 (5th Cir. 2004); Rutledge v. United States, No. 97-20111, 1998 WL 723812 (5th Cir. Oct. 2, 1998).

To the extent that plaintiff is suing those defendants in their individual capacities, the defendants are entitled to dismissal because plaintiff's allegations are insufficient to state a claim upon which relief can be granted. Pursuant to Rule 12(b)(6), a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In deciding a 12(b)(6) motion, a court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. Lormand v. US Unwired, Inc., 565 F.3d 228, 239 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

No proper claim has been stated against Maurin, Collins, or Jusselin because plaintiff has failed to allege that they were *personally involved* in any deprivation of his constitutional rights. It is clear that "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). However, as defendants note, plaintiff has failed to include *any* specific factual allegations whatsoever against Maurin, Collins, or Jusselin. To the extent that he is simply alleging that they are part of some type of conspiracy with the remaining defendants, that allegation is entirely conclusory. Conclusory allegations of a conspiracy fail to state a claim upon which relief can be granted. See, e.g., Bhatia v. Corrigan, 376 Fed. App'x 796, 797 (9th Cir. 2010); Michtavi v. United States, 345 Fed. App'x 727, 731 (3rd Cir. 2009); Jean-Pierre v. B.O.P., 301 Fed. App'x 124, 126 (3rd Cir. 2008); Willis v. Ashcroft, 92 Fed. App'x 959, 960 (4th Cir. 2004). For these reasons, it is appropriate to dismiss the claims against Maurin, Collins, and Jusselin.

Plaintiff's claims against Storey, Hebert, Rowe, and Stevenson fare no better. The claims against those defendants are vague, conclusory, and consist primarily of the use (and misuse) of legal terms and citations without adequate supporting factual allegations. Moreover, although the claims are convoluted, the gist of the claims against Storey and Hebert is that they refused to assist plaintiff to obtain (or denied him) housing, while the gist of the claims against Rowe is that she

4

refused to assist him to obtain employment.[4] The gist of plaintiff's claims against Stevenson is that he likewise violated plaintiff's rights by refusing to assist him to obtain (or by denying him) housing and by accusing him of the threats which ultimately led to plaintiff's arrest and current federal criminal prosecution.[5] However, even if the Court were to find that the defendants failed to perform their jobs fully, adequately, or professionally, it does not follow that they can be held liable in a private civil action for such failures. While federal employees may be subject to disciplinary actions for failing to do their jobs properly or subject to criminal prosecutions for engaging in criminal misconduct in the course of their employment, and while their adverse decisions may be subject to review pursuant to the appropriate procedures set forth by statute and regulations, this Court has found no basis for holding that a disgruntled federal applicant can circumvent such mechanisms and procedures simply by suing the employees in a Bivens action. Cf. Zuspann v. Brown, 60 F.3d 1156, 1159 (5th Cir. 1995) ("[F]ederal district courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms." (quotation marks omitted)); Sugrue v. Derwinski, 26 F.3d 8, 11 (2nd Cir. 1994) (same); Murrhee v. Principi, 364 F. Supp. 2d 782, 785-86 (C.D. Ill. 2005). Moreover, the mere fact that Stevenson reported the alleged threats to law enforcement officials did not in and of itself violate plaintiff's rights. See, e.g., Vasquez v. Combs, No. 04 Civ. 4189, 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004) ("[M]erely filing a complaint with the police, reporting a crime, requesting criminal

---

[4] Rec. Doc. 1, pp. 4-5.

[5] Rec. Doc. 3, p. 4; see also Rec. Doc. 1, p. 5; Rec. Doc. 5, p. 4.

5

investigation of a person, or seeking a restraining order, even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation.").

For all of the foregoing reasons, the Court finds that the motion to dismiss filed by the United States of America, Stevenson, Hebert, Maurin, Rowe, Storey, Collins, and Jusselin has merit and should therefore be granted.

## Motion Filed by Mallik

In his motion, Dr. Mallik likewise argues that the claims against him should be dismissed.[6] Although the argument in his motion is somewhat unclear, it appears that Dr. Mallik may be arguing that dismissal is appropriate because he is entitled to immunity. If that is indeed his argument, he is correct for the following reasons.

Dr. Mallik is involved in this case simply because he was appointed by the undersigned United States Magistrate Judge to perform a mental competency examination of plaintiff in the related federal criminal prosecution in Criminal Action No. 11-143.[7] Dr. Mallik performed that task as charged, and, on August 22, 2011, prepared a report for the Court in which he found that plaintiff was "acutely psychotic" and concluded:

> In my opinion, to a reasonable degree of medical certainty, Mr. Green currently does not have a rational as well as a factual understanding of the proceedings against him nor does he have a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. My recommendations

---

[6] Although Dr. Mallik references Rule 12(b) in his motion, he had already filed an answer in this matter. Rec. Doc. 30. Therefore, technically, his motion is properly construed as one under Rule 12(c). See Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999).

[7] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

would be that Mr. Green be referred to an inpatient psychiatric facility for further evaluation and competency restoration.

That recommendation, which was followed by the Court, offended plaintiff and serves as the basis for the claims against Dr. Mallik. However, because the claims against Dr. Mallik are based on his acts taken in performance of the quasi-judicial function of court-appointed psychiatrist, he is entitled to absolute immunity. See, e.g., Moses v. Parwatikar, 813 F.2d 891, 892 (8th Cir. 1987); Burkes v. Callion, 433 F.2d 318, 319 (9th Cir. 1970); Miner v. Baker, 638 F. Supp. 239, 241 (E.D. Mo. 1986). Accordingly, Dr. Mallik's motion to dismiss should also be granted.

## Screening

In addition to its consideration of the foregoing motions, the Court must also screen plaintiff's remaining claims. For example, federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[8] Regarding such lawsuits, federal law further requires: "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915A(b)(1). Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

---

[8] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

7

determines that ... the action ... fails to state a claim on which relief may be granted ...." 28 U.S.C. § 1915(e)(2)(B)(ii).

As previously explained, a complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

In one of plaintiff's amendments to his complaint, he added Jeb Best and Pamela Talley as defendants in this lawsuit.[9] However, plaintiff has made no nonconclusory factual allegations against those individuals. In the absence of such allegations or any explanation whatsoever as to how Best and Talley were purportedly personally involved in a violation of plaintiff's rights, he has failed to state a claim on which relief may be granted against those defendants. Accordingly, the undersigned recommends that the claims against Best and Talley be dismissed on that basis.

---

[9] Rec. Doc. 6.

Lastly, the Court notes that "King County Housing Authority" is listed as a defendant on the docket sheet. However, the Court has reviewed the complaint and the amendments thereto and has determined that the King County Housing Authority was not in fact named as a defendant in this lawsuit. Accordingly, that entity is not a proper defendant and should be terminated on the docket sheet.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the motions to dismiss filed by Dr. Harminder Singh Mallik, Frederick Stevenson, Valence Hebert, Ione Rowe, Chris Storey, Faye Maurin, Valerie Jusselin, Licinda Collins, and the United States of America, Rec. Docs. 37 and 43, be **GRANTED** and that the claims against those defendants be **DISMISSED**.

It is **FURTHER RECOMMENDED** that the claims against Jeb Best and Pamela Talley be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that the Clerk of Court be directed to update the docket sheet to terminate "King County Housing Authority" because that entity is not in fact a party to this lawsuit.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this twenty-eighth day of January, 2013.

                                                **SALLY SHUSHAN**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[10] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.